13-2842 (L)
S.M. v. Clash

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the day of 10th day of March, two thousand and fourteen.

Present:
> PETER W. HALL,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges,*
> MARGO K. BRODIE,
> > *District Judge.*[*]

_____

S.M., Kevin Kiadii, Cecil Singleton,

> *Plaintiffs-Appellants,*

> v.                                                            Nos. 13-2842-cv (L),
>                                                                    13-2846-cv (Con),
Kevin Clash,                                                   13-2900-cv (Con)

> *Defendant-Appellee.*

_____

FOR APPELLANTS:     JEFF HERMAN (Adam D. Horowitz and Stuart S. Mermelstein *on the brief*), Herman Law Firm, P.A., Boca Raton, FL.

David T. Azrin, Gallet Dreyer & Berkey LLP, New York, NY.

---

[*] The Honorable Margo K. Brodie, United States District Judge for the Eastern District of New York, sitting by designation.

1

FOR APPELLEE:          MICHAEL G. BERGER, Law Offices of Michael G. Berger, New York, NY.

_____

Appeal from a judgment of the United States District Court for the Southern District of New York (Koeltl, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs-Appellants S.M., Kevin Kiadii, and Cecil Singleton appeal from the district court's judgment dismissing as untimely their complaints seeking damages pursuant to 18 U.S.C. § 2255(a) for alleged sexual abuse perpetrated by Defendant-Appellee Kevin Clash. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the specific issues on appeal.

We review *de novo* the dismissal of a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Gatt Commc'ns, Inc. v. PMC Assocs., L.L.C.*, 711 F.3d 68, 74 (2d Cir. 2013). The applicable statute of limitations provides as follows:

> Any action commenced under this section shall be barred unless the complaint is filed within six years after the right of action first accrues or in the case of a person under a legal disability, not later than three years after the disability.

18 U.S.C. § 2255(b) (2006). The plaintiffs in this case concede that they did not file suit within three years after turning eighteen years old (at which point they no longer suffered from a legal disability). The plaintiffs argue, however, that, contrary to the district court's decision, their causes of action accrued when they discovered their injuries, and, according to their complaints, they discovered their injuries in 2012.

2

Assuming without deciding that a discovery accrual rule applies to § 2255(b), we hold that the district court properly dismissed the actions as time-barred given that the plaintiffs' complaints failed to provide any reason why the plaintiffs were unable to discover their injuries prior to 2012. *See Singleton v. Clash*, 951 F. Supp. 2d 578, 587-91 (S.D.N.Y. 2013). Under the discovery rule, "a plaintiff's cause of action accrues when he discovers, or with due diligence should have discovered, the injury that is the basis of the litigation." *Guilbert v. Gardner*, 480 F.3d 140, 149 (2d Cir. 2007) (internal quotation marks omitted). The injuries that are the bases of litigation in this case are the alleged occurrences of sexual conduct in violation of a criminal statute enumerated under § 2255(a). The plaintiffs' complaints indicate that they were aware of this alleged conduct at the time that it occurred, which the plaintiffs concede was more than six years before they filed suit. While the plaintiffs assert that they "could not reasonably have been expected to know" that they suffered psychological harm as a result of the alleged abuse prior to 2012, they provide no explanation for this assertion. Because the plaintiffs failed to provide any basis for finding that they exercised "due diligence" in uncovering their injuries, assuming *arguendo* that the psychological harm constituted the plaintiffs' legal injury for purposes of § 2255(a), the discovery rule cannot apply. *Cf. States v. Kubrick*, 444 U.S. 111, 123 (1979) (determining that a claim accrued for purposes of the discovery rule when the plaintiff, "armed with the facts about the harm done to him," could have discovered his claim by "seeking advice in the medical and legal community").

We have considered all the plaintiffs' arguments relevant to the accrual of their claims under the discovery rule and find them to be without merit. Because we affirm the district

3

court's judgment on the above grounds alone, we decline to address the parties' arguments as to whether a discovery or injury accrual rule applies to § 2255(b).  Accordingly, the district court's judgment is **AFFIRMED.**

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
